Philip Kear, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three. Reargued December 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS, BLATT, DISALLE and CRAIG. Judges WILKINSON, JR. and MACPHAIL did not participate.

*Alan Kear,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Bernadette A. Duncan,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DISALLE, February 8, 1979:

This is an appeal by Philip Kear (Claimant) from an order of the Unemployment Compensation Board of Review (Board) disallowing his appeal from a referee's denial of benefits. The case was originally heard by a three-judge panel and was subsequently re-argued before the Court en Banc.

For purposes of this appeal, Claimant last worked on December 31, 1971. The following month, he went to the local office of the Bureau of Employment Security (Bureau) to apply for benefits. Although he was in fact eligible, a Bureau employee told him he was not, and refused to allow him to fill out an application

Claimant learned of the mistake in May of 1976, and immediately requested the benefits he should have received in January, 1972. The referee found that although the Bureau erroneously refused to accept the application, Regulation 65.41(c)(5)[1] prohibits the pre-

---

[1] That section provides in pertinent part:

(c) An application for benefits may be deemed to be constructively filed as of the first day of a calendar week previous to the week which includes the day on which it is

dating of a claim for benefits more than 52 weeks after the refusal of a local office to accept an application—where such refusal results from error or mistake—and this rendered Claimant ineligible. The Board affirmed.

We agree with Claimant that the 52 week rule would not bar recovery if the Bureau's action amounted to something more than mere error or mistake: that is, gross negligence or wilful and wanton misrepresentation amounting to fraud. Here, however, there is nothing in the record to indicate that the Bureau employee's misconduct was anything other than the giving of wrong advice. Given the complexity of the issue of Claimant's eligibility in 1972,[2] and given the fact that Claimant, after being denied an application, simply "assumed" he was ineligible and made no further demand for one, we cannot agree that the employee committed anything other than an error.

We must also disagree with Claimant's characterization of his 1976 application for benefits as merely a request to have his 1972 claim honored, as opposed to an attempt to predate his claim. The fact of the matter is that Claimant, for whatever reason, failed to ap-

---

actually filed when, in the opinion of the Bureau, the claimant was prevented or persuaded, through no fault of his own, from filing such application because of one of the followin reasons; and in each instance the term week or weeks shall mean the calendar week or weeks, Sunday through Saturday.

. . . .

(5) The refusal of the office to accept the application as a result of an error or mistake shall permit not more than 52 weeks of predating.

[2] Claimant's original eligibility turned on whether he was self-employed when he applied for benefits in 1972. In explaining the nature and source of certain income he had been receiving prior to termination, Claimant testified before the referee that it was "complicated."

ply for benefits in 1972. There simply was no claim made then which he can now enforce.

Finally, Claimant argues that Regulation 65.41(c) (5) is inconsistent with the purposes of the Unemployment Compensation Law.[3] We disagree. While the Bureau certainly has no statutory authority to refuse to accept an application for benefits, the Board may, in the interests of administrative convenience and practicality, promulgate reasonable restrictions on the predating of claims in the event of employee error or mistake. We hold that the 52 week limitation is not unreasonable and will affirm.

## ORDER

AND Now, this 8th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated November 26, 1976, affirming the referee's denial of benefits to Philip Kear, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I respectfully dissent.

Section 501 of the Unemployment Compensation Law requires the Bureau of Employment Security (Bureau) to make an official determination as to each application for benefits filed by claimants. It is my opinion that an official determination was not made in this instance and could not have been made due to the negligence and/or incompetence of a bureaucratic clerk who refused to accept Claimant's application. Thus Claimant, through no fault of his own, was deprived of a determination of whether or not his claim was valid or invalid. Had the application been properly processed and later been determined to have been

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §101 et seq.

invalid, the statute provides that written notice be given to Claimant stating the claim is invalid and the reasons therefor. Had such notice been received and not acted upon by Claimant, I would agree that inaction would then be a bar to his receiving benefits. However, the Unemployment Compensation Board's failure to initially determine whether Claimant had presented a valid claim was a crucial omission which prevented Claimant from actively pursuing the matter at that time. I would remand to the Board for a determination of Claimant's eligibility for benefits and the amount, if any, to which he is entitled.

While I realize that remanding for further proceedings will be administratively burdensome due to the length of time involved, I see no reason for depriving an innocent claimant of benefits to which he may be legally entitled. The Bureau should be forced to bear the cost of rectifying its prior mistakes.

Judge CRAIG joins in this dissent.