Jonathan Allen Claiborne, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, October 3, 1979, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Jonathan Allen Claiborne,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 29, 1979:

Claimant has been declared ineligible to receive unemployment compensation benefits by the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review. The reason for the declared ineligibility was that claimant had not performed any services nor been paid any wages for employment during his base year. This was held to be disqualifying under the requirements of Section 401(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §801(a). We affirm.

There does not appear to be a dispute on the facts. Claimant was employed in the State of Connecticut until July 8, 1976. During the last 4 months of 1976 and the entire year of 1977, claimant was unemployed and was a full time college student. In 1978 the claimant was employed by Neighborhood Resource West in Philadelphia. His last day of work was May 27, 1978. He filed an application for benefits on June 4, 1978. Claimant's benefits, if any, would be deter-

mined by wages received for employment during his base year. Under Section 4(a) of the Law, 43 P.S. §753(a), claimant's base year was 1977. During that base year claimant did not receive any wages and therefore cannot receive any benefits.

We agree with the Board that there would be no basis for going back to 1976 or earlier to find a year in which claimant had earned wages sufficient to qualify and then designate that as his base year. Desirable as that may be for claimant and those similarly situated, there is no provision in the Law which would permit much less require it.

Accordingly, we will enter the following

### ORDER

AND Now, October 29, 1979, the order of the Unemployment Compensation Board of Review dated September 7, 1978, Decision No. B-163661, sustaining the referee's determination of claimant's ineligibility for benefits, is affirmed.