Marianne Edwards, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Kenneth A. Zak,* with him *Edward Myers,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, March 10, 1981:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which found the claimant financially ineligible for benefits pursuant to Sections 401 and 404 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801 and 804. We affirm.

The facts are not in dispute. Claimant was involved in an automobile accident on the way home from work on October 16, 1977. As a result of injuries sustained in the accident, claimant was unable to resume her employment until January 28, 1979. Upon returning to work, claimant was informed by her employer, Plastek Industries, that because of her long

absence from the job her services were no longer required. Claimant filed an application for unemployment benefits with an effective date of January 28, 1979. Benefits were subsequently denied by the Bureau of Employment Security, the referee, and the Board because the wages earned during the claimant's base year were insufficient to qualify her for benefits.

The amount of unemployment compensation benefits, if any, to which a claimant is entitled is computed with regard to the total wages earned during the claimant's base year. Section 4(a) of the Act 43 P.S. §753(a) defines base year as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." The referee found that the claimant's application date established her base year as the fourth quarter of 1977 and the first, second, and third quarters of 1978. The referee further found that the claimant had base year wages of only $574 and that Sections 401 and 404 of the Act required that she have total base year wages of $960 in order to qualify for benefits.[1]

Claimant does not challenge the referee's findings as to financial eligibility under the Act. Rather, claimant's sole contention on appeal is that she should be permitted to predate her application for benefits in order to create a base year with enough earnings to qualify her for benefits. The claimant maintains that the regulations promulgated under the Act are deficient and violative of Section 3 of the Act, 43 P.S. §752 (the public policy preamble) in that they do not pro-

---

[1] Section 404(a)(3) of the Act, 43 P.S. §804(a)(3) provides an alternate method for computing base year wages where the claimant would otherwise be ineligible for benefits. However, even under this alternate procedure, a claimant with wages of $574 would be required to earn at least $800 in the base year in order to be eligible for benefits.

vide for the predating of an application for benefits where the base year earnings are insufficient because of illness or injury which incapacitates the claimant.

We must disagree with the claimant's contention. While the basic tenet of the Act as set out in Section 3 is to provide security for those "unemployed through no fault of their own," it is not within the power of this Court to promulgate regulations in support of a claimant's contention. *See Claiborne v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 62, 407 A.2d 111 (1979). Rather, our scope of review in a situation such as this is limited to a determination of whether the existing regulations are reasonably designed to implement the purposes of the Act. In the case of *Kear v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 346, 397 A.2d 468 (1979), we considered Regulation 65.41, 34 Pa. Code §65.41, which deals with the predating of applications for benefits. There we stated: "While the Bureau certainly has no statutory authority to refuse to accept an application for benefits, the Board may, in the interests of administrative convenience and practicality, promulgate reasonable restrictions on the predating of claims in the event of employee error or mistake." *Id.* at 349, 397 A.2d at 470.

After a careful review of Regulation 65.41, we cannot say that it is unreasonable or violative of Section 3 of the Act simply because it does not allow predating where the claimant has been incapacitated by illness or injury. On the contrary, we believe that the regulation is a reasonable attempt to limit the circumstances under which predating will be allowed to accommodate individual claimants. While the present claimant's ineligibility is indeed unfortunate, it is a proper determination under the Act and supported by substantial evidence in the record.

Accordingly, we will enter the following

ORDER

AND Now, March 10, 1981, the order of the Unemployment Compensation Board of Review dated July 19, 1979, Decision No. B-174229, sustaining the referee's determination of claimant's ineligibility for benefits, is affirmed.