557 A.2d 436

John Masten, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James J. Oates, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Nunzio T. Santo Colombo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Donald O. Van Varenberg, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Rodger P. Leasure, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

William F. Carson, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph J. Molek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

William Smichnick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Elizabeth Rockridge, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Fred Hoyes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph A. Evans, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Daniel B. Sabo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Francis Roberts, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Rudolph P. Berty, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Jules M. Massey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Alfred J. Ulens, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Harry J. Previsky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard Lee Charlton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Frank W. Duda, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

S. Douglas Allshouse, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Susan A. Naylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Kathryn A. Komlos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Brian P. Dolfi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

John Filippelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Howard Mathews, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Frank S. Cascio, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Steve Pagalos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Frank Pisano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Vincent Muraco, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Robert E. Bleakney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard L. Osman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Mark Hienz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Warren Dietz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James E. Stiefel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 4, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*John Stember, Neighborhood Legal Services Association of Pittsburgh,* with him, *Mary-Win O'Brien,* Associate General Counsel, United Steelworkers of America, for petitioners, Frank W. Duda, et al.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 12, 1989:

The claimants in these cases are appealing decisions of the Unemployment Compensation Board of Review which denied their applications for Trade Readjustment Allowance (TRA).

The claim of Frank Duda is the lead case at issue. The other claimants in this action appeal from decisions based on the conclusion the board reached in the Duda action. Frank Duda and some of the claimants in these consolidated cases, were laid off from Wheeling-Pittsburgh's Allenport facility. Other claimants were laid off from the Babcock & Wilcox Beaver Falls facility. For purposes of this decision, the facts discussed will be based on the Duda action.

The facts are not in dispute. Duda worked for Wheeling-Pittsburgh Steel at Allenport for over eighteen years. He was laid off on April 4, 1982. Duda and the other claimant, were determined by the Secretary of Labor to be adversely affected employees pursuant to §2291 of the Trade Act of 1974, 19 U.S.C. §2291 (1986), *as amended.*

The certification date of the petition was May 4, 1983. Duda applied for state unemployment benefits and received them through January 29, 1983. After that period, he became eligible for federal extended benefits through April 2, 1983. He filed a second claim for state benefits that ran through November 5, 1983. He again filed for federal extended benefits which he received through February 4, 1984. Duda returned to work for a few weeks sometime in 1984.

At this point, Duda had exhausted all existing state benefits and federal extended benefits. In March, 1987, Duda filed an application for TRA. The referee denied his application for TRA benefits, and Duda appealed to the Unemployment Compensation Board of Review. The board, interpreting 19 U.S.C. §2293(a)(2), concluded that the claimant had exhausted his rights to all unemployment compensation with the claim week ending February 4, 1984. The claimants therefore became eligible for TRA benefits with the claim week ending February 11, 1984 and terminating with the claim week ending February 2, 1985. The board further concluded that, because the claimant did not apply for TRA until two years after the end of his 52-week period of eligibility for benefits, benefits must be denied.

The issue before this court is whether the board correctly interpreted §2293(a)(2) in accordance with the intent of congress in reaching its decisions.

The terms of §2293(a)(2) state:

(a) Maximum allowance; deductions for unemployment insurance; additional payments for approved training periods.

(2) A trade readjustment allowance shall not be paid for any week after the 52-week period beginning with the first week following the first week covered by the certification with respect to

which the worker has exhausted (as determined for purpose of section 231(a)(3)(B) [19 U.S.C. §2291(a)(3)(B)]) all rights to that part of his unemployment insurance that is regular compensation.

Although the subsection does indicate that a worker is not entitled to TRA benefits until he has exhausted all rights to unemployment insurance that would be regular compensation, and that the entitlement is limited to 52 weeks, it does not indicate the time limit within which a worker must apply for TRA benefits.

The claimant contends that the language of §2293 does not explicitly state that benefits are available only during that time period. The claimant, in his reply, argues that the purpose of this subsection is to limit the eligibility period to 52 weeks, not to determine when the eligibility period must begin. The claimant relies on a federal regulation adopted by the Department of Labor to support his reading of the statute. The applicable language in 20 C.F.R. §617.10(b) (1987) provides:

§617.10 Application for TRA

(b) Timing of Applications

An initial application for TRA, and applications for TRA for weeks of unemployment beginning before the initial application for TRA is filed, may be filed *within a reasonable period of time* after publication of the determination certifying the appropriate group of workers under section 223 of the Act. . . . For purposes of this paragraph (b), a reasonable period of time means such period of time as the individual had good cause for not filing earlier, which shall include, but not be limited to, the individual's lack of knowledge of the certification of misinformation supplied the individual by the state agency.

The claimant contends that this language should be controlling in this action because the statute is silent on the issue of time limitations, and because the federal regulation is not contrary to the language in §2293(a)(2).

The Court of Appeals in *UAW v. Brock*, 816 F.2d 761 (D.C. Cir. 1987), addressed an issue similar to the present one. In that case, the UAW challenged worker eligibility guidelines promulgated by the Secretary of Labor for the TRA program. The specific issue challenged was the secretary's definition of the term "employment". The court stated, "[If] the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Brock*, 816 F.2d at 765. The court held that the secretary's interpretation of the term "employment" conflicted with Congressional intent in enacting the Trade Act of 1974.

In this action, the regulation promulgated by the Secretary does not conflict with the language provided in §2293(a)(2). The statute is silent on the issue of time limitations on the filing of applications for TRA; therefore, the court may look to federal regulations to provide some guidance.

The language of the federal regulation provides that the claimant be given a *reasonable time* in which to file his application for TRA. The board did not consider whether the claimant filed within a reasonable time when reviewing the referee's decision. Instead, the board based its decision on a restrictive reading of §2293(a)(2).

The board's ruling conflicts with the language of both §2293(a)(2) and 20 C.F.R. §617.10(b). The Court of Appeals in the *Brock* case emphasized language used by the United States Supreme Court in *Red Lion Broadcasting Co. v. F.C.C.*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969) which stated,

> In arriving at the proper construction of section 231, we must first determine what weight, if any, to give to the Secretary's interpretation. It is sometimes said that the 'construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong. . . .'

*UAW v. Brock,* 816 F.2d at 764 (1987).

The court decided in *Brock* that the Secretary's definition of "employment" conflicted with Congressional intent. In the present case, we conclude that the language does not conflict with Congressional intent.

The act in question is remedial in nature and must be liberally construed. The Pennsylvania Supreme Court, in *Cugini v. Unemployment Compensation Board of Review,* 511 Pa. 264, 512 A.2d 1169 (1986), recognized that "[r]emedial legislation must always be interpreted so that the benefit sections are liberally and broadly construed to alleviate the distress of the involuntarily unemployed." *Cugini,* 512 A.2d at 1173.

The intent of Congress in passing this legislation was to design a program that would ensure that displaced workers actually receive the benefits to which they were entitled. S. Rep. No. 93-1298, 93d Cong., 2d Sess. 131 (1974), U.S. Code Cong. & Admin. News 1974, pp. 7186, 7273. The Secretary's regulation furthers the intent of Congress and, therefore, should be controlling.

This court concludes that the decision in the present action should be vacated and that the case be remanded to the Unemployment Compensation Board of Review. On remand, the board is instructed to determine, based on evidence presented by the claimant, whether he had filed his application for TRA within a "reasonable" time. In determining what constitutes a reasonable time, the board shall consider the factors set forth in 20 C.F.R.

§617.10(b) as well as any other factors relevant to the case.

ORDERS IN 245, 246, 247, 248, 249, 250, 256, 257, 258, 259, 262, 263, 264, 265, 270, 271, 301, 302, 303, 304, 305, 307, 318, 390, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1248, 1292 and 1475 C.D. 1988

NOW, April 12, 1989, the decision of the Unemployment Compensation Board of Review, is vacated, and this case is remanded to the Unemployment Compensation Board of Review, with instructions to determine, based on evidence whether the claimant filed his application for Trade Readjustment Allowance within a reasonable time, considering the factors in 20 C.F.R. §617.10(b).

Jurisdiction relinquished.