625 A.2d 727

Barbara E. STURNI, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1993.

Decided May 7, 1993.

Reargument Denied June 18, 1993.

502

John Stember, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, PALLADINO, Judge, and KELTON, Senior Judge.

CRAIG, President Judge.

Barbara E. Sturni (claimant) appeals an order of the Unemployment Compensation Board of Review affirming a referee's decision that the claimant's benefit eligibility period for additional Trade Readjustment Assistance (TRA) benefits while in training lasted from August 27, 1988 until February 25, 1989, and that the claimant is ineligible for additional TRA benefits for all weeks ending after February 25, 1989. We affirm.

The undisputed facts are that the claimant was employed by J & L Steel Corporation Research Lab (employer) until she was permanently furloughed on July 31, 1984. The Secretary of Labor determined that the claimant was an "adversely affected" worker, pursuant to § 231 of the Trade Act of 1974, 19 U.S.C. § 2291 (1986), *as amended,* so that she became eligible to receive TRA benefits.

TRA benefits, which function essentially as a six-month extension of state unemployment compensation, were designed to help adversely affected workers defray the costs of retraining education. At the time of her permanent layoff from the employer, the claimant was attending night school at the University of Pittsburgh, earning credits toward a bachelor's degree in communications.

From July 29, 1984 until May 25, 1985, the claimant received state unemployment benefits and Federal Supplemental Compensation. At the conclusion of that benefit period, the claimant also received sixteen weeks of basic cash benefits under the terms of the Trade Act of 1974 (regular TRA). The claimant earned her bachelor's degree from the University of Pittsburgh in the summer of 1985.

She thereafter learned that Carnegie Mellon University (CMU) offered a one-year program which leads to a Master's

Degree in professional writing. The claimant wished to attend the CMU program, and inquired of the local Office of Employment Security (OES) as to whether TRA benefits were available for her for the fall 1985 semester at CMU. An OES staff member erroneously instructed the claimant that she was not eligible for TRA tuition assistance benefits for any college credits. Consequently, the claimant did not attend CMU in 1985.

The claimant did enter the CMU Master's program on August 28, 1988. While attending CMU, the claimant was eligible for, and did receive, state unemployment compensation benefits.

In 1990, the claimant also filed for both regular TRA as well as additional TRA for her CMU training. The Bureau of Unemployment Compensation Benefits and Allowances granted her request for regular TRA, but not for additional TRA because the claimant's benefit eligibility period for additional TRA began on August 27, 1988, and ended 26 weeks later on February 25, 1989. A referee and then the board affirmed the bureau's decision.

The claimant now appeals the denial of additional TRA benefits. Although the claimant has conceded that § 233 of the Trade Act, 19 U.S.C. § 2293(a)(3), bars the simultaneous receipt of both state unemployment benefits and additional TRA, she nonetheless contends that the bureau should be estopped from denying her request for additional TRA benefits because of the erroneous information given to her by an OES staff member in 1985.

In unemployment compensation cases, this court's scope of review is limited to a determination of whether one's constitutional rights have been violated, whether an error of law has been committed, or whether any finding of fact made by the board and necessary to support its adjudication is not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The prevailing party has the benefit of all reasonable inferences drawn from the evidence, and we are bound by

findings of fact supported by substantial evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Section 233 of the Act provides, in pertinent part:

(3) Notwithstanding paragraph (1), in order to assist the adversely affected worker to complete training approved for him under section 236, and in accordance with regulations prescribed by the Secretary, payments may be made as trade readjustment allowances for up to 26 additional weeks in the 26–week period that—

> (A) follows the last week of entitlement to trade readjustment allowances otherwise payable under this chapter; or
>
> (B) begins with the first week of such training, if such training begins after the last week described in subparagraph (A).

Payments for such additional weeks may be made only for weeks in such 26–week period during which the individual is participating in such training.

19 U.S.C. § 2293(a)(3).

Additionally, § 231 of the Act provides

(a) Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A who files an application for such allowance for any week of unemployment which begins more than 60 days after the date on which the petition that resulted in such certification was filed under section 221, if the following conditions are met:

. . . .

(3) Such worker—

. . . .

> (B) has exhausted all rights to any unemployment compensation to which he was entitled . . . .

19 U.S.C. § 2291(a)(3)(B).

■ The above sections state two important rules. First, the claimant can only receive additional TRA during the first 26 weeks of training, and second, a claimant cannot simulta-

neously receive regular unemployment compensation and additional TRA. Therefore, by the express terms of the statute, the board correctly ruled that the claimant's eligibility period for additional TRA ran from August 27, 1988 through February 25, 1989 (the first 26 weeks of her training at CMU). Moreover, because the claimant was eligible for, and in fact received, state unemployment benefits during this same 26–week period, she was ineligible for additional TRA for those weeks.

The claimant, citing *Masten v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth Ct. 90, 557 A.2d 436 (1989), contends that the board committed an error of law when it denied her request for additional TRA on the basis of untimeliness. In *Masten,* this court relied upon the federal regulation located at 20 C.F.R. § 617.10(b) (1987), to hold that a claimant is permitted to file an initial application for TRA benefits within a reasonable period of time after he has exhausted his rights to all state unemployment compensation. However, in *Masten,* the court resolved a factual situation involving an *initial* application for TRA.

In the present case, the claimant made her initial application for TRA in 1985, clearly within a reasonable time after her state unemployment benefits subsided; however, she waited until 1990 to file for *additional* TRA benefits. By the plain language of 19 U.S.C. § 2293(a)(3), the claimant's eligibility period for additional TRA lasted from August 27, 1988 until February 25, 1989, the first 26–week period of her training at CMU.

■ This court acknowledges the fact that the claimant received erroneous information by an OES staff member which may have influenced her decision to not attend CMU in 1985, but the Pennsylvania Code does provide a specific remedy for claimants who are misinformed and misled by a bureau representative into not applying for unemployment compensation benefits. Where claimants are so misinformed, the backdating of an application for benefits is permitted as follows:

(c) An application for benefits may be deemed to be constructively filed as of the first day of a calendar week previous to the week which includes the day on which it is actually filed when, in the opinion of the Bureau, the claimant was prevented or persuaded, through no fault of his own, from filing such application because of one of the following reasons....

. . . .

(5) The refusal of the office to accept the application as a result of an error or mistake shall permit not more than 52 weeks of predating.

34 Pa.Code § 65.41.

As indicated above, 34 Pa.Code § 65.41(c)(5) provides for a maximum backdating of 52 weeks on the claimant's application for additional TRA. Therefore, the claimant's 1990 application cannot be predated for additional TRA to 1985.

This court has recognized that if an OES employee's actions rise to the level of gross negligence or fraud, then backdating beyond the 52–week period may be permitted. *Kear v. Unemployment Compensation Board of Review*, 40 Pa.Commonwealth Ct. 346, 397 A.2d 468 (1979). However, the OES employee's alleged conduct in the present case of giving poor advice does not constitute gross negligence or fraud. *Id.* at 348, 397 A.2d at 470.

■ Finally, the claimant asserts that the equities in this case weigh heavily in her favor. Nevertheless, she has offered no authority, either in the Trade Act itself or anywhere else, which would authorize her receipt of additional TRA benefits at the present time. The unemployment compensation laws do not warrant a ruling in the claimant's favor, and this court has no equitable power to ignore the law. *Chandler v. Unemployment Compensation Board of Review*, 135 Pa.Commonwealth Ct. 214, 580 A.2d 457, 459 (1990).

Accordingly, we affirm the board's decision.

508 

## *ORDER*

NOW, May 7, 1993, the order of the Unemployment Compensation Board of Review, dated August 5, 1992, at No. B–301375, is affirmed.