**Ronald H. ZIMMERMAN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2003.

Decided July 17, 2003.

Ronald H. Zimmerman, petitioner, pro se.

James K. Bradley, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Ronald H. Zimmerman (Claimant) petitions for review of the November 22, 2002, order of the Unemployment Compensation Board of Review (UCBR), which affirmed the referee's decision to deny Claimant Tier 2 Temporary Extended Unemployment Compensation (TEUC) benefits pursuant to the TEUC Act of 2002 (TEUC Act).[1] We also affirm.

Claimant filed an application for Pennsylvania state unemployment compensation (UC) benefits, with an effective date of December 3, 2000, and was determined financially eligible. In March 2002, Claimant had exhausted the maximum-benefit amount available on his state UC claim and became eligible for TEUC benefits; he was entitled to Tier 1 TEUC in the maximum benefit amount of $3,549.00. (Referee's Findings of Fact, Nos. 1–5.)[2]

Claimant began receiving his Tier 1 TEUC benefits with compensable week ending March 16, 2002. (Referee's Findings of Fact, No. 6.) Claimant's TEUC weekly benefit amount (WBA) was $273.00, (H.T. at Exh. C2); however, because Claimant was receiving social security benefits during the weeks for which he was claiming TEUC benefits, Claimant's TEUC benefits were reduced by $24.00 per week. (Referee's Findings of Fact, Nos. 7, 8.) This reduction resulted in Claimant receiving TEUC benefits in the amount of $249.00 per week, plus dependent's allowance, and a consequent increase, from thirteen to fifteen, in the number of weeks that Claimant received Tier 1 TEUC benefits before reaching his maximum benefit amount. (Referee's Findings of Fact, Nos. 8, 9.) Therefore, the last week of Tier 1 TEUC benefits payable to Claimant was for compensable week ending June 22, 2002.[3] (Referee's Find-

---

1. Title II of Pub.L. No. 107–147, 116 Stat. 21 (2002). The TEUC Act created federally funded unemployment compensation benefits for "exhaustees" who otherwise meet the TEUC Act's requirements. Workforce Security Programs: Unemployment Insurance Program Letter Interpreting Federal Law (UIPL No. 30–02), 67 Fed.Reg. 57,066, 57,067 (Sept. 6, 2002). The TEUC Act provides for two tiers of benefits, Tier 1 and Tier 2, and the amount payable under each tier is determined pursuant to sections 203(b)(1) and 203(c) of the TEUC Act, respectively. Sections 203(b)(1) and 203(c) of the TEUC Act, UIPL No. 30–02, 67 Fed.Reg. at 57,068.

2. The UCBR is the fact-finder in UC cases; however, we cite the referee's findings of fact because the UCBR adopted these findings as its own.

3. Claimant received TEUC benefits over a period of fifteen weeks (i.e., $249.00 weekly for fourteen weeks and the remaining $63.00 for one week, for a total of $3,549.00), with his final check being issued for compensable week ending June 22, 2002, (Exh. 5, O.R. Item 1); had there been no $24.00 deduction, Claimant would have received $273.00 for thirteen weeks, and his final check would

ings of Fact, No. 10.) Because Claimant's eligibility for Tier 2 TEUC benefits was contingent on Claimant exhausting his Tier 1 TEUC benefits on or before June 15, 2002,[4] the Office of Employment Security (OES) determined that Claimant was ineligible to receive these additional TEUC benefits for the week ending June 29, 2002.

Claimant filed a timely appeal, and following a hearing before a referee, the referee affirmed the OES and denied Claimant Tier 2 TEUC benefits for compensable week ending June 29, 2002. On further appeal, the UCBR affirmed the referee's decision, adopting the referee's findings of fact and his application of the relevant law.

Claimant now petitions this court for review of the UCBR's order,[5] arguing that the UCBR erred in denying him additional TEUC benefits. Claimant directs his argument to sections 404(d)(2) and (3) of the Unemployment Compensation Law (UC Law),[6] which mandate a reduction in unemployment benefits based on the receipt of social security benefits during any week for which unemployment benefits are paid. Specifically, Claimant challenges the UCBR's conclusion that these sections have the effect of extending the number of weeks during which an individual can receive benefits. To the contrary, Claimant maintains that section 404 does not "ad-

dress the manner in which the order shall be implemented," (Claimant's brief at 7), and he contends that, in this case, the process of extending the number of weeks is discriminatory and leads to an unfair result. However, a straightforward application of the TEUC Act allows for no other outcome.

Section 203(a) of the TEUC Act provides that a state will establish a TEUC account for each eligible individual who files a claim for TEUC benefits. The amount established in the original account, constituting Tier 1 TEUC benefits, is equal to the lesser of "50 percent of the total amount of regular compensation (including dependents' allowances) payable to the individual during the individual's benefit year under such law," or "13 times the individual's average weekly benefit amount for the benefit year." Section 203(b)(1) of the TEUC Act. The WBA "is the amount of regular compensation (including dependents' allowances) under the State law payable to such individual for such week for total unemployment." Section 203(b)(2) of the TEUC Act; UIPL No. 30–02, 67 Fed.Reg. at 57,070. The WBA is calculated using the individual's regular compensation amount *before any benefit reduction/offset is applied.* UIPL No. 30–02, 67 Fed.Reg. at 57,076. Here, Claim-

---

have been issued for compensable week ending June 8, 2002.

4. Under the TEUC Act, Tier 1 benefits are provided in all states, while Tier 2 benefits only are provided in states that are in an extended benefit period or would be in an extended benefit period using a 4% insured unemployment rate trigger. UIPL No. 30–02, 67 Fed.Reg. at 57,066; *see* section 203 of the TEUC Act. Subsequent to Claimant's filing of his application for TEUC benefits, Pennsylvania's insured unemployment rate dropped below 4%, which is the trigger mechanism for establishing an extended benefit period under the TEUC Act. (Referee's op. at 3; *see* section 203(c)(2) of the TEUC Act). Accordingly, Pennsylvania individuals who exhausted their

Tier 1 TEUC benefits after the week ending June 15, 2002, exhausted those benefits outside an extended benefit period and were not eligible for Tier 2 TEUC benefits. *See* section 203(c)(1) of the TEUC Act; UIPL No. 30–02, 67 Fed.Reg. at 57,077; H .T. at Exh. C7.

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P .S. § 804(d)(2) and (3).

ant's TEUC WBA was $273.00, and he was entitled to a maximum of $3,549.00 of Tier 1 TEUC benefits, which is thirteen times his WBA.[7] (H.T. at Exh. C2.)

Section 202(d)(2) of the TEUC Act provides that states shall administer the TEUC Act consistent with the provisions relating to the payment of regular compensation under the state's unemployment compensation law. Sections 404(d)(2) and (3) of the UC Law require that a deduction be made from the individual's weekly amount of compensation for social security benefits received during the same week for which UC benefits are claimed. 43 P.S. § 804(d)(2) and (3). As the referee and the UCBR correctly noted, because the TEUC Act requires that benefits be paid according to state unemployment law, the mandatory language of sections 404(d)(2) and (3) of the UC Law required that $24.00 be deducted from Claimant's WBA due to his receipt of social security benefits, and this deduction had the effect of extending the number of weeks that Claimant received benefits prior to reaching his maximum Tier 1 TEUC benefit amount of $3,549.00 and exhausting his original TEUC account.

Section 203(c) of the TEUC Act provides that, if at the time the individual's original account is exhausted, the individual's state is in an extended benefit period, then the individual's original account shall be augmented by an amount equal to that in the original account; this new amount constitutes the Tier 2 TEUC benefits. Section 203(c) of the TEUC Act; UIPL No. 30–02, 67 Fed.Reg. at 57,070. In this case, by the time Claimant exhausted his original account, Pennsylvania was no longer in an extended benefit period.[8]

Nevertheless, Claimant states that he would gladly give up his benefits for compensable week ending June 22, 2002, i.e., those issued beyond the extended benefit period, in order to be eligible for an additional $3,549.00 in Tier 2 TEUC benefits. Under the unusual circumstances presented,[9] we empathize with Claimant and understand his position; however, neither the TEUC Act nor the UC Law provides Claimant with such an option, and we cannot ignore the plain language of those statutes. *See Sturni v. Unemployment Compensation Board of Review*, 155 Pa. Cmwlth. 501, 625 A.2d 727 (1993) (stating that this court has no equitable power to ignore the law). The TEUC Act clearly requires that, to be eligible for Tier 2 TEUC benefits, an individual must exhaust his Tier 1 TEUC benefit *account* within an extended benefit period. Because the extended benefit period ended after compensable week ending June 15, 2002, and because Claimant did not exhaust the amount of Tier 1 TEUC benefits in his account until after that date, Claimant was not eligible for Tier 2 TEUC benefits. *See* section 203(c)(1) of the TEUC Act.

Accordingly, we affirm the order of the UCBR.

### ORDER

AND NOW, this 17th day of July, 2003, the order of the Unemployment Compensation Board of Review, dated November 22, 2002, is hereby affirmed.

---

7. We note that Claimant also received the proper additional amount of dependent's allowance benefits. Those benefits do not affect the calculations or benefits at issue here.

8. *See supra* note 4.

9. In most circumstances, such a scenario would be an advantage to the TEUC recipient because he or she would receive more weeks of benefits.