**Thomas B. DAMAN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 2003.
Decided Jan. 7, 2004.

Thomas B. Daman, petitioner, pro se.

Judith M. Gilroy, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

In this appeal, we are asked to decide the eligibility for temporary, extended unemployment compensation (TEUC) benefits of a teacher who, although he had a balance remaining on his regular unemployment compensation benefits, could not collect them because of the prohibition in Section 402.1 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802.1, *added by* Section 5 of the Act of July 6, 1977, P.L. 41.

The basic facts are undisputed, but the record is extremely sparse, making the procedural history far from clear.[1] Claimant had been employed at some point prior to April 1, 2001, although in what capacity is not clear. He applied for and received regular unemployment compensation benefits with an effective date of April 1, 2001. On March 13, 2002, he received a notice that he was eligible for TEUC benefits, "based upon your claim for regular unemployment compensation (UC) benefits which began on April 1, 2001." He was entitled to receive a maximum of $2,912 in TEUC benefits, which was thirteen times his weekly benefit rate.[2] Claimant received this first round of TEUC benefits

only through March 30, 2002. As of that date, he had a TEUC benefit balance of $2,240. Thereafter, the TEUC benefits stopped, presumably because the base year for regular unemployment benefits had ended. Subsequently, he again filed an application for *regular* unemployment benefits with an effective date of June 23, 2002, as he was required to do, because it was a new benefit year, and so he, again, had to exhaust his regular unemployment benefits before qualifying for TEUC benefits. He was determined to be *financially* eligible for a weekly benefit amount of $84, a partial benefit credit of $34 and an $8 weekly dependents allowance. However, on July 16th, the Service Center disapproved benefits on the basis that he was ineligible to receive them under Section 402.1(1) of the Law. Under that provision, a claimant is disqualified from receiving unemployment compensation benefits for a summer vacation period *between successive academic years* when the claimant has been employed in, *inter alia,* an instructional capacity for an educational institution in the first of the two academic years and, for the subsequent academic year, the claimant has "reasonable assurances" of employment with an educational institution. Claimant appealed the determination of ineligibility for benefits and, after a hearing, the referee affirmed that decision. Claimant took no further appeal.

---

1. Claimant is proceeding pro se and, unfortunately, the Board's brief does not explain the background of this matter.

2. Claimant was determined to be financially eligible for a weekly benefit amount of $224, a partial benefit credit of $90 and an $8 weekly dependents allowance. Where these figures came from is not really explained, and we assume that they were calculated under Section 203 of the Temporary Extended Unemployment Compensation Act of 2002, Title II, Pub.L. 107–147, 116 Stat. 21 (2002)(TEUC Act), as explained in detail in Judge Fried-

man's scholarly opinion in *Zimmerman v. Unemployment Compensation Board of Review,* 829 A.2d 735 (Pa.Cmwlth.2003). The relevant provision in the TEUC Act appears to be that which allows Claimant to collect thirteen times his average weekly benefit amount for the benefit year. *See* Section 203(b)(1) of the TEUC Act. The "weekly benefit amount" is "the amount of regular compensation (including dependents' allowances) under the State law payable to such individual for such week for total unemployment." Section 203(b)(2) of the TEUC Act, 67 Fed.Reg. at 57,070.

■ Thereafter, Claimant again requested TEUC benefits, since he had been determined to be ineligible for regular benefits in the adjudication from which he did not appeal. The referee, in the matter *sub judice*, specifically found that Claimant had "a financial balance of $1,968 on his *regular* unemployment compensation claim with an effective date of June 23, 2002." (Adjudication, Finding of Fact 9.) Accordingly, he denied the request for TEUC benefits, holding that Claimant was ineligible under Section 202(b)(1) of the Temporary Extended Unemployment Compensation Act of 2002, Title II, Pub.L. 107–147, 116 Stat. 26 (2002) (TEUC Act).[3] That provision limits TEUC benefits to individuals who "have exhausted all right to *regular* compensation under the State law or under Federal law with respect to a benefits year ...."(emphasis added). Under Section 202(c) of the TEUC Act, "exhaustion" occurs when "(1) no payments of regular compensation can be made under such law because such individual has received all regular compensation available to such individual based on employment or wages during such individual's base period...." The referee reasoned that because Claimant had filed a claim for regular unemployment benefits, effective June 23, 2002, was determined to be "financially eligible" for those benefits and, had a remaining balance on that regular unemployment compensation claim, he had not exhausted the benefits and, so, was ineligible for benefits under Section 202 of the TEUC Law. The Board affirmed and Claimant appealed.[4]

■ We are now asked to decide whether Claimant was, in fact, ineligible for TEUC benefits, even though he was unable to collect regular unemployment benefits during the summer months. It appears that Claimant had been employed as a per diem long-term substitute teacher with a reasonable assurance of work after the 2002 summer vacation ended. Thus, Section 402.1 would have operated to preclude the grant of regular unemployment benefits over the summer months, and the referee in the related litigation so found in a decision not appealed by Claimant.

Under Section 202(c) of the TEUC Law, there are two situations in which exhaustion is deemed to have occurred: (1) when "no payments of regular compensation can be made" because the person has received all regular compensation available based on employment or wages during that base year, or (2) when the individual's rights to such compensation have been "terminated by reason of the expiration of the benefit year with respect to which such rights existed." Under this test, we agree with the Board that Claimant had not "exhausted" his regular unemployment benefits within the meaning of 202(c); rather, those benefits were merely held in abeyance by operation of law due to the limiting language in Section 402.1 of the Law. Claimant's balance remained available once the summer passed, if he could demonstrate

---

**3.** The TEUC Act established federally funded unemployment compensation benefits for "exhaustees" who meet the TEUC Act's requirements. *McQuown v. Unemployment Compensation Board of Review,* 834 A.2d 692, 694 n. 3 (Pa.Cmwlth.2003) (citing Workforce Security Programs: Unemployment Insurance Program Letter Interpreting Federal Law (UIPL No. 30–02), 67 Fed.Reg. 57,066, 57,067 (Sept. 6, 2002)).

**4.** Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or whether findings of fact were supported by substantial evidence. *Stine v. Unemployment Compensation Board of Review,* 833 A.2d 1192 (Pa. Cmwlth.2003).

that he had no reasonable assurance of employment in the fall.

Next, in a related argument, Claimant asserts that the referee's decision denying his application for *regular* benefits, itself, constitutes "exhaustion" of those benefits. As previously noted, if Claimant were not called back to work in the fall of 2003, he would, again, be eligible for regular benefits. Thus, his situation does not meet the definition of "exhaustion." *Cf. Stine v. Unemployment Compensation Board of Review,* 833 A.2d 1192 (Pa.Cmwlth.2003) (provisions of Pennsylvania's Self–Employment Assistance Program, which program allows individuals to receive an allowance while engaging in self-employment activities, does not bar receipt of TEUC benefits).

Finally, Claimant argues that because his second request for TEUC benefits was in a new base year, he is eligible to receive them. However, to accept this concept would mean that we would allow Claimant to defeat the bar in Section 402.1 of the Law. Such a holding would also run afoul of the provision in Section 202(d)(2) of the TEUC Act, which pertinently states that the conditions of *state* law "which apply to regular compensation and to the payment thereof shall apply to [a] claim for temporary extended unemployment compensation ...". Consequently, we reject Claimant's argument.

Because we conclude that Claimant has not exhausted his regular unemployment compensation benefits and, consequently, cannot collect TEUC benefits, we affirm the order of the Board.[5]

---

5. At the hearing, Claimant presented another argument: that the bulk of his wages for unemployment compensation purposes did not come from his teaching, but from his work in the steel-making industry. (N.T. 3.) However, on the state of the record, we cannot tell how the unemployment compensation benefit figures were arrived at and whether wages from the steel-making job and the teaching work were combined. While it seems certain that Section 402.1 cannot preclude the grant of benefits for wages not earned in teaching, this issue has not been raised on appeal and, so, it forms no basis for our decision.

*ORDER*

**NOW,** January 7, 2004, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.