# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Mark A. Williams, | : |
| | : No. 2381 C.D. 2014 |
| Petitioner | : Submitted: July 2, 2015 |
| | : |
| v. | : |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  August 25, 2015

Mark A. Williams (Claimant) petitions for review, *pro se*, of the November 25, 2014, order of the Unemployment Compensation Board of Review (UCBR) affirming a referee's decision to deny Claimant unemployment compensation (UC) benefits under section 401(a) of the Unemployment Compensation Law (Law)[1] and section 204(b) of the Workers' Compensation Act (Act).[2]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(a).  Section 401(a) of the Law, 43 P.S. §801(a), provides that in order to qualify for UC benefits, an employee must have been paid wages for employment within his base year.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §71(b).  Section 204(b) of the Act, 77 P.S. §71(b), provides that for the purposes of determining eligibility for UC benefits, an employee who fails to meet the monetary and credit week requirements under section 401(a) of the Law, 43

**(Footnote continued on next page…)**

Claimant was employed as a full-time workers' compensation claims representative with Comp Services, Inc. (Employer) from April 21, 2010, through November 26, 2011. On October 3, 2011, Claimant sustained a work-related injury in the form of anxiety and stress after being suspended by Employer on October 3, 2011, and subsequently fired on November 26, 2011. As a result of the work-related injury, Claimant and Employer entered into a Compromise and Release Agreement (Agreement) on December 18, 2012.[3] (Referee's Findings of Fact, Nos. 1, 4-5; N.T., 9/15/14, at 5.)

Claimant initially filed for UC benefits on February 3, 2013, and the service center determined that Claimant was financially ineligible for benefits on February 7, 2013.[4] (Referee's Findings of Fact, No. 6.) The service center subsequently vacated the February 7, 2013, determination on February 14, 2013, for further investigation. On February 28, 2013, Claimant called the service center to inform it of an impending surgery and that he would not be able and available for work. (N.T., 9/15/14, at 9.) The service center allegedly informed Claimant that

---

**(continued…)**

P.S. §801(a), due to a work-related injury that is compensable under the Act, may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

[3] In the Agreement, Employer specifically denied that Claimant suffered a work-related injury, but agreed to pay Claimant a specific sum in exchange for Claimant's release of Employer from further liability. (Agmt., 12/18/12, at 2-3.)

[4] The referee incorrectly lists Claimant's initial filing as February 7, 2013, not February 3, 2013. (Referee's Findings of Fact, No. 6.) This error, however, is *de minimis* and does not affect the outcome of this case. *See Skurkey v. Workmen's Compensation Appeal Board (Foster-Wheeler Corporation)*, 531 A.2d 883, 886 n.3 (Pa. Cmwlth. 1987).

Claimant could not file for UC benefits while he was not able and available for work, but could re-open his claim once he was released to return to work. (*Id.*) On June 16, 2014, Claimant was declared able and available for work. (Referee's Findings of Fact, No. 7.)

On July 10, 2014, Claimant contacted the service center to reactivate his application for UC benefits dated February 3, 2013. However, the benefit year for Claimant's February 3, 2013, application had expired during the week ending February 8, 2014. As a result, the service center opened a new application for UC benefits effective July 6, 2014, establishing a base-year period of April 1, 2013, through March 31, 2014. (*Id.*, Nos. 2-3, 8-10.)

On August 8, 2014, the service center found Claimant financially ineligible and disapproved UC benefits under section 401(a) of the Law, 43 P.S. §801(a), and section 204(b) of the Act, 77 P.S. §71(b), for Claimant's July 6, 2014, application. Claimant appealed, and the referee held a hearing at which only Claimant appeared and testified.

The referee determined that:

> [b]y entering into the . . . Agreement there is a presumed assumption, the [C]laimant was voluntarily separating [from] his employment with [Employer], in December of 2012.[5] In order to utilize the provisions of

---

[5] We note that this statement is incorrect. Entering into a compromise and release agreement does not invoke a presumption that a claimant has voluntarily separated from his or her employment. *See Marinos v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1819 C.D. 2013, filed June 11, 2014), slip op. at 8-9 (stating that "[w]e do not hold that merely **(Footnote continued on next page…)**

3

[s]ection 204([b]) of the . . . Act, the [C]laimant's financial ineligibility for benefits must be as the direct result of receiving Worker's [sic] Compensation <u>during</u> the base year as the result of a work-related injury. Because the . . . Agreement was made well before the base year time period on this application, the [r]eferee cannot conclude that the [C]laimant's lack of base year wages was the result of the receipt of Worker's [sic] Compensation due to the work-related injury, therefore, the [C]laimant [is] not entitled to an alternate base year on the application for benefits in question.

(Referee's Determination, 9/26/14, at 2.) The referee further noted that the service center was correct in not reactivating Claimant's initial application of February 3, 2013, and in treating his request for reactivation as a new claim because the 52-week claim period for the February 3, 2013, application had expired. (*Id.*)

The referee affirmed the service center and found Claimant financially ineligible for UC benefits under section 401(a) of the Law, 43 P.S. §801(a), and for an alternate base year under section 204(b) of the Act, 77 P.S. §71(b). Claimant appealed to the UCBR, which, on November 25, 2014, adopted and incorporated the referee's findings and conclusions and affirmed. The UCBR also determined that the

---

**(continued…)**

because Claimant signed a compromise and release agreement he is ineligible for unemployment compensation benefits"); *see also Dotterer v. School District of the City of Allentown*, 92 A.3d 875, 884 & n.6 (Pa. Cmwlth. 2014) (stating that an unpublished opinion may be cited for its persuasive value). However, in this case it is irrelevant because Employer terminated Claimant before the Agreement was executed.

4

record was sufficient to render a decision and denied Claimant's request to supplement the record. Claimant now petitions this court for review.[6]

Claimant contends that the UCBR erred in determining Claimant was financially ineligible for UC benefits under section 401(a) of the Law, 43 P.S. §801(a), because he was eligible for an alternate base year under section 204(b) of the Act, 77 P.S. §71(b).[7] Claimant states that he filed for UC benefits when he became able and available for work and, thus, his initial application for benefits should have been reactivated.[8] We disagree.

Pursuant to section 4(b) of the Law, a 'benefit year' is comprised of 52 consecutive weeks, beginning on the date the application for UC benefits is filed. 43

---

[6] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[7] We note that Claimant raises additional contentions that he fails to develop in his brief. Claimant fails to develop the contentions that he was unable to confront witnesses at the referee's hearing, and that the referee's decision was biased "maybe because of [Claimant's] ethnicity or due to his previous employment with . . . the Commonwealth['s] . . . workers' compensation third-party administrator." (Cl.'s Br. at 11.) These assertions, without a developed argument, are waived. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002) ("Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of this matter"); *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this [c]ourt"). However, a review of the record reveals that Claimant was provided the opportunity to present testimony and evidence pertaining to his July 2014 application for benefits, that Claimant was the only witness at the hearing, and that the referee's decision was not biased. Thus, Claimant received a full and fair hearing before the referee. *See* 34 Pa. Code §101.21(a).

[8] We note that it is not necessary to reactivate the February 3, 2013, application in order for section 204(b) of the Act, 77 P.S. §71(b), to apply.

5

P.S. §753(b). Here, Claimant's initial claim, filed on February 3, 2013, expired after 52 weeks and, thus, was no longer valid when Claimant asked that his initial application be reactivated. *See id.* Claimant was, however, permitted to file a new claim at the expiration of his previous benefit year. *Id.*; *see Daman v. Unemployment Compensation Board of Review*, 840 A.2d 457, 458 (Pa. Cmwlth. 2004) (stating that when a benefit year ends, a claimant is required to file another application for benefits because it is a new benefit year). The service center properly treated Claimant's request to reactivate his initial application as a new claim.

In order to qualify for UC benefits under section 401(a) of the Law, 43 P.S. §801(a), an employee must, within his base year, be paid wages for employment, as required by section 404(c) of the Law, 43 P.S. §804(c). Claimant failed to meet his base-year requirement for his initial filing on February 3, 2013, as well as for his July 6, 2014, filing. Thus, Claimant's only argument is whether an alternate base year should be applied pursuant to section 204(b) of the Act, 77 P.S. §71(b).

Section 204(b) of the Act, 77 P.S. §71(b), provides that an employee who fails to meet the monetary and credit-week requirements under section 401(a) of the Law, 43 P.S. §801(a), due to a work-related injury that is compensable under the Act, may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

Here, the referee determined that Claimant had a work-related injury. However, Claimant settled his workers' compensation claim without establishing that he suffered an injury that is compensable under the Act. In the Agreement, Employer

specifically denies liability for the injury.[9] Thus, Claimant did not establish a work-related injury that is compensable under the Act. Although Claimant wanted to submit evidence regarding his work-related injury, the UCBR does not have the "authority to adjudicate the merits of a workers' compensation claim." *Bosch v. Unemployment Compensation Board of Review*, 55 A.3d 758, 761 (Pa. Cmwlth. 2012). Therefore, the UCBR correctly determined that Claimant failed to prove that his work-related injury is compensable under the Act[10] and failed to prove his eligibility for UC benefits under section 401(a) of the Law, 43 P.S. §801(a), and section 204(b) of the Act, 77 P.S. §71(b).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[9] The Agreement states in pertinent part: "By entering into this Agreement, Employer/Carrier in no way admits liability. To the contrary, Employer/Carrier has, at all times in the past, denied it is liable for this alleged injury and it will continue to deny all such allegations into the future." (Agmt., 12/18/12, at 3.)

[10] We may affirm the UCBR's decision on any ground. *Finfinger v. Unemployment Compensation Board of Review*, 854 A.2d 636, 639 n.6 (Pa. Cmwlth. 2004).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Williams,                          :
                                           : No. 2381 C.D. 2014
                        Petitioner         :
                                           :
            v.                             :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                        Respondent         :


O R D E R


        AND NOW, this 25<u>th</u>  day of <u>August</u>, 2015, we hereby affirm the November 25, 2014, order of the Unemployment Compensation Board of Review.


                                    _____
                                    ROCHELLE S. FRIEDMAN, Senior Judge