573 A.2d 649

Sandra J. PHOEBUS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 12, 1990.

Decided April 16, 1990.

David J. Flowers, Laurel Legal Services, Inc., for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Micháel J. Supinka, Holsinger, Clark, Armstrong & Supinka, Indiana, for intervenor, Indian Haven.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Sandra Jean Phoebus (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying her benefits under Section 3 of the Unemployment Compensation Law [1] (Law) (declaration of public policy that benefits may only be granted to persons unemployed through no fault of their own).

Claimant was last employed by Indian Haven (Employer), a county-owned nursing home in Indiana, Pennsylvania. While working for Employer, Claimant was charged with and pled guilty to unlawful delivery and possession of drugs. Employer subsequently dismissed Claimant for violating the integrity of Indiana County (County) government. However, Claimant's dismissal was converted to a suspen-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 752.

sion as a result of an agreement arising out of a grievance filed on Claimant's behalf. Shortly after Claimant returned to work, she was charged with selling or furnishing liquor or malted brewed beverages to minors to which she pled guilty. Employer subsequently terminated her employment.

Claimant filed a petition for unemployment compensation benefits. The Office of Employment Security (OES) granted benefits. Employer appealed and the referee reversed the OES determination. Claimant appealed to the Board which affirmed on the referee's decision.

■ Before this court,[2] Claimant contends that: (1) the referee erred by issuing a decision based on an alleged violation of Section 3 of the Law which violation was not considered by OES; (2) the referee erred by finding that Claimant's off-duty conduct directly affected her ability to perform her assigned duties; and (3) the referee's decision failed to contain sufficient findings of fact to support his conclusion of law that Claimant's conduct affected her ability to perform her assigned duties; and (4) her right to due process was violated when the referee proceeded with the hearing despite the fact that she was not represented by legal counsel.

■ Claimant argues that the referee exceeded his scope of review by basing his decision on a violation of Section 3 of the Law when OES had rendered its determination under Section 402(e) of the Law, 43 P.S. § 802(e) (willful misconduct).[3] However, the referee asked at the hearing whether either Employer or Claimant had any objection to the referee deciding this case under Section 3

---

**2.** Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Emery Worldwide v. Unemployment Compensation Board of Review,* 115 Pa. Commonwealth Ct. 554, 540 A.2d 988 (1988).

**3.** 34 Pa.Code § 101.87 limits the referee's scope of review to issues expressly ruled on in the OES determination. However, the referee may rule on any issue on which the parties agree if there will be no prejudice and the speedy administration of justice will be served.

and Claimant failed to object. N.T. at 21. An objection which is not made before the referee when there has been an opportunity to do so is waived. *Williams v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 251, 484 A.2d 831 (1984). We conclude that Claimant has waived this issue.

As to Claimant's next argument, where an employer seeks to have benefits denied under Section 3 of the Law, the employer bears the burden of proving that the claimant's conduct is unacceptable to public standards of behavior and that this unacceptable behavior directly affects the claimant's ability to perform his or her duties. *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976). When considering whether the behavior in question directly affects a claimant's ability to perform his or her job duties, the Board may consider:

(a) the specific nature of the offense committed by the claimant; (b) nature of the claimant's assigned duties; (c) whether the claimant's job requires a special degree of trust on the part of the employer; and (d) any other circumstances which may particularly affect the claimant's ability to do his job including whether the crime occurred on or off the employer's premises and whether or not it involved any of the employer's other workers or clients.

*Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 38, 43, 506 A.2d 974, 977 (1986).

At the time of her dismissal, Claimant was working as a laundry employee. Employer did not present evidence regarding either the responsibilities of this job or whether the job required any special degree of trust. Employer failed to prove that the offenses were incompatible with her work assignment. Furthermore, Claimant committed the offenses while off-duty, was not on Employer's premises at the time, and the crimes did not involve any of Employer's other employees or clients.

Employer contends that Claimant's convictions directly reflect on her ability to perform her assigned duties. Employer contends that her actions violated the integrity of the County and that the County government simply cannot employ individuals who have been convicted of serious crimes. Employer cites *Masom v. Unemployment Compensation Board of Review*, 107 Pa.Commonwealth Ct. 616, 528 A.2d 1057 (1987) for support.

In *Masom*, the claimant, an employment specialist for a county welfare office, was discharged after pleading guilty to a charge of possession of narcotics. We affirmed the denial of unemployment compensation benefits under Section 3 of the Law. Because the claimant held a position of trust and worked directly with the public as a representative of the employer, we concluded that the guilty plea to such a crime directly reflected on her ability to perform her duties. However, in the case at hand, Employer has not proven that Claimant is in a position of trust or that she works directly with the public.

The Board contends that Employer has met its burden because of the negative publicity which could result from employing one who has committed crimes of this nature. The Board cites *Horsefield v. Unemployment Compensation Board of Review*, 109 Pa.Commonwealth Ct. 570, 531 A.2d 829 (1987) for support. In *Horsefield*, we affirmed the denial of unemployment compensation benefits where a bartender was discharged after pleading guilty to two drug violations. We noted that:

There was testimony that Claimant's conviction was reported in the newspaper, that there were rumors circulating in the club about Claimant and her ability to work for Employer, and that Employer could be fined or lose his liquor license because of Claimant. A bartender's job embraces more than the mere act of passing a drink across a bar. The integrity and the reputation of the bar are tied inextricably to the character of the bartenders who interact with the customers. While there is no doubt that conviction for drug violations may not prevent Claim-

ant from performing the physical act of making and serving a drink, there is no denying that customers may choose to go elsewhere for potation rather than patronize a bar where the bartender is connected with drugs.

*Id.,* 109 Pa.Commonwealth Ct. at 574–76, 531 A.2d at 832.

In the case at hand, Employer has not provided testimony regarding a nexus between the patronage and reputation of nursing homes, and their laundry workers. As previously noted, Employer has provided no testimony that Claimant's convictions are incompatible with the duties of a laundry employee. If the County had offered any testimony to show the unacceptability of this conduct to the County as her employer in the operation of a nursing home, the result could well have been different. There is no doubt the County had a right to fire her for her convictions; however, the issue before us is her entitlement to unemployment compensation. Regretfully, the County failed to show the requisite connection between the conduct and her inability to perform her job as laundry worker. Therefore, we conclude that Employer has failed to meet its burden of proving that Claimant's behavior directly affected her ability to perform her duties,[4] and that she is entitled to benefits.

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, April 16, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

SMITH, J., dissents.

---

**4.** Because we find this issue dispositive, we need not address Claimant's remaining issues.