Linda McCAUGHEY, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Carol L. CARVELL, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1996.

Decided Nov. 12, 1996.

Linda McCaughey, Pro Se, petitioner.

Carol Carvell, Pro Se, petitioner.

James K. Bradley, Assistant Counsel, Harrisburg, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Linda McCaughey (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that reversed the referee's determination that had allowed benefits to Claimant. We affirm.[1]

Claimant, an adversely affected worker, applied for a two-year training program in accounting at the Lancaster Campus of Harrisburg Area Community College (HACC) and was determined financially eligible for twenty-six weeks of basic Trade Adjustment Allowance (TRA),[2] and began receiving benefits for the week ending November 4, 1995. A break in the training program began on December 14, 1995, and classes were scheduled to resume on January 11, 1996. This break in training was published in HACC's training schedule. However, due to inclement winter weather conditions during the week of January 11, 1996, classes did not commence until January 18, 1996.

---

1. Carol L. Carvell (Claimant 2) also appeals from an order of the UCBR that reversed the referee's grant of benefits to her. As the facts and issues here are identical to Ms. Carvell's appeal, we have consolidated these cases.

2. The Trade Act of 1974, 19 U.S.C. §§ 2101–2495 (Trade Act) establishes a program under which American workers who lose their employment as a result of competition from abroad are entitled to receive cash and employment service benefits. Although the program is conducted under the auspices of the United States Department of Labor, the program is administered through state employment bureaus.

Claimant applied for basic TRA benefits for compensable weeks ending December 23, 1995, December 30, 1995 and January 6, 1996, which the Job Center denied benefits under Section 233(f) of the Trade Act, 19 U.S.C. § 2293(f). Benefits were denied because during the weeks claimed, Claimant did not participate in training because of a scheduled break which exceeded fourteen days.

The referee reversed finding Claimant eligible for benefits under the Trade Act. However, the UCBR reversed this decision finding that the Trade Act was clear and unambiguous and that Claimant 2 was not eligible for benefits.[3]

On appeal to this Court,[4] Claimant argues that the UCBR erred in its interpretation of the Trade Act because the weeks disallowed were denied solely because of the delayed start of classes because of severe weather and accordingly, justifiable under the federal regulations.

The statutory provision pertaining to worker eligibility for basic TRA benefits between terms of training is found at 19 U.S.C. § 2293, which provides:

§ 2293. **Limitations on trade readjustment allowances**

(a) Maximum allowance; deduction for unemployment insurance; additional payments for approved trading periods

\* \* \* \* \* \*

(f) **Workers treated as participating in training**

For purposes of this part, a worker shall be treated as participating in training dur-

ing any week which is part of a break in training that does not exceed 14 days if—

(1) the worker was participating in a training program approved under section 2296(a) of this title before the beginning of such break in training; and

(2) the break is provided under such training program.

In accordance with the above, the Secretary of the Department of Labor promulgated relevant clarifying regulations pertaining to the duration of TRA payments during scheduled breaks in training:

**20 C.F.R. § 617.15(d) Duration of TRA.**

(d) Scheduled breaks in training. (1) An individual who is otherwise eligible will continue to be eligible for basic and additional weeks of TRA during scheduled breaks in training, but only if a scheduled break is not longer than 14 days and the following additional conditions are met:

(i) The individual was participating in the training approved under § 617.22(a) immediately before the beginning of the break; and

(ii) The break is provided for in the published schedule or the previously established schedule of training issued by the training provider or is indicated in the training program approved for the worker; and, further

(iii) The individual resumes participation in the training immediately after the break ends.

(2) A scheduled break in training shall include all periods within or between courses, terms, quarters, semesters and

---

3. Claimant 2, in August of 1995, also applied for a training program at HACC, and was approved for training under the Trade Act for a twenty-six week period of basic TRA. As previously mentioned, classes were scheduled to resume on January 11, 1996, but did not until January 18, 1996.

    Claimant 2 applied for basic TRA benefits for compensable weeks ending December 30, 1995 and January 6, 1996, which the Job Center denied under Section 233(f) of the Trade Act, 19 U.S.C. § 2293(f). On appeal, the referee reversed holding, *inter alia*, that the Trade Act was inconsistent with the implementing federal regulation set forth at 20 C.F.R. § 617.15(d) and thus, granted Claimant benefits. The Job Center appealed and the UCBR reversed, holding that

Claimant was not entitled to TRA benefits during the weeks claimed because of the clear and unambiguous terms of Section 233(f) of the Trade Act.

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704. The prevailing party has the benefit of all reasonable inferences drawn from the evidence, and this Court is bound by findings of fact supported by substantial evidence. *Sturni v. Unemployment Compensation Board of Review*, 155 Pa.Cmwlth. 501, 625 A.2d 727 (1993).

academic years of the approved training program.

(3) No basic or additional TRA will be paid to an individual for any week which begins and ends within a scheduled break that is 15 days or more.

20 C.F.R. 617.67(g) also provides:

(g) **Eligibility for TRA during breaks in training.** (1) Paragraph (f) of section 233 of the Act, added by the OTCA, provides for the payment, under specified conditions of both basic and additional TRA during scheduled breaks in a training program, provided the conditions for such payments are met as expressed in this part 617. By making this provision applicable to basic TRA as well as additional TRA, paragraph (f) of section 233 of the Act changes the prior law for both. Previously, basic TRA was payable solely with respect to weeks of training. Under new section 233(f), both basic and additional TRA are payable during training breaks, but only if the break does not exceed 14 days. Now, as under the prior law, weeks when TRA is not payable will still count against the eligibility periods for both basic and additional TRA, and in the case of additional TRA it will also count against the number of weeks payable.

██ The maximum 14–day period set forth in the Trade Act applies to basic TRA benefits which are involved here. The UCBR concluded that the referee incorrectly reasoned that the break in the training provision applies only to a worker's eligibility for *additional* TRA benefits. However, the Trade Act provisions which are pertinent here, clearly refer to both basic and additional benefits. By the very terms of section 233(f) of the Trade Act, basic TRA benefits are not payable to workers during the break in training if the break exceeds 14 days.

██ The Trade Act regulations at 20 C.F.R. § 617.15(d), state that "an individual who is otherwise eligible will continue to be eligible for basic and additional TRA during scheduled breaks in training, but only if a scheduled break is not longer than 14

days...." Consistent with 20 C.F.R. 617.15(d)(3), the regulation states that "[n]o basic or additional TRA will be paid for an individual for any week which begins and ends within a scheduled break that is 15 days or more." Regulation 20 C.F.R. 617.15(d)(4), provides exactly which days are to be included for purposes of computing the 14 days and excludes only Saturdays, Sundays or official state holidays. Claimant's break exceeded 14 days as set forth in the training schedule. The severe weather and good cause provisions contained in 20 C.F.R. 617.18(b)(2)(ii)(C) have no applicability here because the scheduled break in and of itself exceeded fourteen days. Had the scheduled break been less than fourteen days, the severe weather delay may have triggered the "good cause" provisions of 20 C.F.R. 617.18(c). Such was not the case here. Therefore, we hold that the UCBR did not err in its interpretation of the Trade Act of 1974.

Accordingly, we affirm.[5]

### ORDER

AND NOW, this 12th day of November, 1996, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are hereby affirmed.

_____

**5.** As discussed in n. 1, Claimant 2 argued and raised the same issues as Claimant. Both filed identical briefs with only their names and signatures different. Our analysis of the claims is, thus, also identical. Therefore, we also affirm the UCBR's order in No. 1389 C.D.1996.