**David J. WILKINSON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 1996.

Decided Feb. 3, 1997.

Judith E. Wilson, Erie, for petitioner.

James K. Bradley, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

David J. Wilkinson (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision that Claimant's eligibility period for additional Trade Readjustment Assistance (TRA) benefits under the Trade Act of 1974 (Trade Act),[1] 19 U.S.C. §§ 2101–2495, lasted from

1. The Trade Act establishes a program by which American workers who lose their employment as a result of competition from abroad are entitled to receive cash and employment service benefits.

May 7, 1995 until November 4, 1995. We affirm.

Claimant was employed by Zurn Industries, Inc. (Employer) and his last day of work was April 8, 1994. Claimant is an adversely-affected worker pursuant to the Trade Act.

Claimant applied, and was approved, for training at Gannon University in a two-year accounting program with a starting date of August 24, 1994. After separation from his employment, Claimant applied for and received 26 weeks of regular unemployment compensation benefits. At the conclusion of that benefit period, Claimant began receiving 26 weeks of basic TRA benefits, which expired May 6, 1995. Claimant's school year ended on May 5, 1995, and classes did not resume again until August 23, 1995. Claimant started working on May 8, 1995, and continued to work until the end of July, 1995.

■ After separation from his summer employment, Claimant was informed that he was ineligible for regular unemployment compensation benefits because he had not established a new base year. He then applied for additional TRA benefits but was advised by the job center that his 26-week period of eligibility began on May 7, 1995, and was required to end November 4, 1995. Claimant appealed this determination to a referee who determined that the job center properly established the eligibility period for Claimant's additional TRA benefits. The Board affirmed the decision of the referee and this appeal followed.[2]

On appeal to this court, Claimant contends that his period of eligibility for additional TRA benefits should be calculated not from May 7, 1995, but from the date classes resumed, which was August 23, 1995. We disagree.

The statutory provision pertaining to the eligibility period for additional TRA benefits is found in Section 233(a) of the Trade Act, which provides, in pertinent part:

(3) Notwithstanding paragraph (1), in order to assist the adversely affected worker to complete training approved for him under section 236, and in accordance with regulations prescribed by the Secretary, payments may be made as trade readjustment allowances for up to 26 additional weeks in the 26-week period that—

(A) *follows the last week of entitlement to trade readjustment allowances* otherwise payable under this chapter; or

(B) begins with the first week of such training, if such training begins after the last week described in subparagraph (A).

Payments for such additional weeks may be made only for weeks in such 26-week period during which the individual is participating in such training.

19 U.S.C. § 2293(a)(3) (emphasis added).

The regulations proscribed by the Secretary which are applicable to this case, inasmuch as they define the term eligibility period as applied to additional TRA benefits, are contained in 20 C.F.R. § 617.3(m)(2), which states:

(m) Eligibility period means the period of *consecutive calendar weeks* during which basic or additional TRA is payable to an otherwise eligible individual, and for an individual such eligibility period is—

. . . .

(2) Additional TRA. With respect to additional weeks of TRA, and any individual determined ... to be entitled to additional TRA, *the consecutive calendar weeks* that occur in the 26-week period that—

(i) *Immediately follows* the last week of entitlement to basic TRA otherwise payable to the individual, or

(ii) Begins with the first week in which such training is approved under this part 617, if such training is so and

---

Although the program is conducted under the auspices of the United States Department of Labor, the program is administered through state employment bureaus. *McCaughey v. Unemployment Compensation Board of Review*, 684 A.2d 1110, 1110 n. 2 (Pa.Cmwlth.1996).

2. This court's standard of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or whether findings of fact are supported by substantial evidence. *Phoebus v. Unemployment Compensation Board of Review*, 132 Pa.Cmwlth. 518, 573 A.2d 649 (1990).

approved after the training has commenced; but approval of training under this part 617 after the training has commenced shall not imply or justify approval of a payment of basic or additional TRA with respect to any week which ended before the week in which such training was approved, nor approval of payment of any costs of training or any costs or expenses associated with such training (such as travel or subsistence) which were incurred prior to the date of the approval of such training under this part 617.

(Emphasis added).

 Thus, in accordance with Section 233(a)(3) of the Trade Act, and the regulations, Claimant is entitled to additional TRA benefits for the period that follows the last week of entitlement to basic TRA. Because Claimant's last week of entitlement to basic TRA ended May 6, 1995, Claimant's eligibility period for additional TRA immediately followed that date and is May 7, 1995. *See* Section 233(a)(3) of the Trade Act and 20 C.F.R. § 617.3(m)(2)(i).

Although Claimant maintains that he is entitled to additional TRA benefits calculated from the time that he resumes classes on August 23, 1995, this is an incorrect reading of Section 233(a)(3)(B) of the Trade Act. That section provides that, rather than calculating additional TRA benefits from the last week of entitlement to basic TRA benefits, benefits may begin with the first week of training, *if* such training begins after the last week of entitlement to basic TRA. In this case, Claimant's training began in August 1994, which is before May 6, 1995, the date when his basic TRA benefits were exhausted.

Accordingly, as the Board properly interpreted the provisions contained in the Trade Act, the decision of the Board is affirmed.

### ORDER

NOW, February 3, 1997, the decision of the Unemployment Compensation Board of Review, No. B–346778, dated March 8, 1996, is affirmed.