Willoughby BURNETT, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 23, 1998.
Decided March 5, 1998.

Edward Van Stevenson, Jr., McKeesport, for petitioner.

Maribeth Wilt–Seibert, and Clifford F. Blaze, Harrisburg, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Willoughby Burnett (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of additional Trade Readjustment Assistance (TRA) benefits under Section 233 of the Trade Act of 1974(Act),[1] 19 U.S.C. § 2293. We affirm.

---

1. The Act establishes a program under which American workers who lose their employment as a result of competition from abroad are entitled to receive cash and employment service benefits.

Claimant was employed by United States Steel Corporation and his last day of work was March 27, 1982. Claimant was determined to be an adversely affected worker pursuant to the Act by petition certified on February 18, 1983. Claimant received thirty-two weeks of unemployment compensation benefits and also received seven weeks of basic TRA cash benefits through February of 1986. Claimant began approved training on August 28, 1989 and he was issued a total of twenty-six weeks of additional TRA benefits under Section 233 of the Act while in training.[2]

Claimant was approved for additional training under the same petition on May 19, 1997. Claimant then filed for additional weeks of TRA cash benefits to begin with the week ending May 24, 1997. The Job Center denied Claimant's request pursuant to Section 233 of the Act. Claimant appealed the Job Center's determination and the case was assigned to a referee. Following a hearing, the referee determined that Claimant's eligibility period for additional TRA benefits began with week ending September 2, 1989 and ended with week ending February 24, 1990. The referee denied Claimant additional benefits and the Board affirmed the referee's decision without opinion.

On appeal to this Court,[3] Claimant argues that the Act does not bar another claim for additional TRA benefits. Claimant also maintains that the Board erred in interpreting Section 233(a)(3) of the Act, 19 U.S.C. § 2293(a)(3), which provides as follows:

§ 2293. **Limitations on trade readjustment allowances**

. . . .

(3) Notwithstanding paragraph (1), in order to assist the adversely affected worker to complete training approved for him under section 2296, and in accordance with regulations prescribed by the Secre-

tary, payments may be made as trade readjustment allowances for up to 26 additional weeks in the 26-week period that-

(A) follows the last week of entitlement to trade readjustment allowances otherwise payable under this chapter; or

(B) begins with the first week of such training, if such training begins after the last week described in subparagraph (A). Payments for such additional weeks may be made only for weeks in such 26-week period during which the individual is participating in such training.

19 U.S.C. § 2293(a)(3).

Regulations pertaining to eligibility for additional TRA benefits include the following, set forth at 20 C.F.R. § 617.3(m)(2):

(m) Eligibility period means the period of consecutive calendar weeks during which basic or additional TRA is payable to an otherwise eligible individual, and for such an individual such eligibility period is -

. . . .

(2) Additional TRA. With respect to additional weeks of TRA, and any individual determined ... to be entitled to additional TRA, the consecutive calendar weeks that occur in the 26-week period that -

(i) Immediately follows the last week of entitlement to basic TRA otherwise payable to the individual, or

(ii) Begins with the first week in which such training is approved under this part 617, if such training is approved after the training has commenced....

Claimant asserts that a claimant is eligible for more than 26 weeks of additional TRA benefits, provided the claimant is participating in approved training. We disagree. First, the language of Section 233 of the Act reflects the Congress' intent to limit the amount of additional TRA benefits that may

---

**2.** On February 2, 1990, Claimant was issued twenty-two weeks of additional TRA benefits retroactively covering the weeks ending September 2, 1989 through January 27, 1990. He subsequently received four weeks of additional TRA benefits for weeks ending February 3, 1990 through February 24, 1990.

**3.** Our scope of review in an unemployment compensation appeal is limited to determining

whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review*, 159 Pa.Cmwlth. 134, 632 A.2d 1014 (1993).

be received to one 26–week period, stating that payments may be made "for *up to 26 additional weeks* in *the* 26–week period...." The regulations enacted pursuant to the Act likewise contain express limitations on the receipt of these benefits. For instance, 20 C.F.R. § 617.15 states in pertinent part:

> (b) Additional weeks. (1) To assist an individual to complete training approved under subpart C of this part, payments may be made as TRA for up to 26 additional weeks in the 26–week eligibility period (as defined in § 617.3(m)(2))....
>
> (c) Limit. The maximum TRA payable to any individual on the basis of a single certification is limited to the maximum amount of basic TRA as determined under § 617.14 plus additional TRA for up to 26 weeks as provided in paragraph (b) of this section.

We observe that additional TRA benefits are payable only during the 26–week eligibility period that begins, under these circumstances, with the first week of training, even though an individual may receive up to 104 weeks of approved training under a single certification. 20 C.F.R. § 617.22(f)(2).[4] Thus, Claimant's argument that participation in training is the key to entitlement must fail.

Claimant does not dispute that he received additional TRA benefits for the 26 consecutive weeks during which he participated in approved training. The referee correctly determined that Claimant's eligibility period began with the first week of training (week ending September 2, 1989) and ended after the twenty-sixth consecutive week that followed (week ending February 24, 1990). We reject Claimant's argument that his approval for another course of training under the same certification makes him eligible for another 26 weeks of additional TRA benefits. Instead, we conclude that the Board correctly affirmed the referee's determination that Claimant received the maximum amount of additional TRA benefits to which he is entitled under the Act.

Accordingly, we affirm the order of the Board.

---

**4.** This regulation also provides that an individual is entitled to no more than one training program under a single certification. It is not clear why Claimant received approval for this second peri-

*ORDER*

NOW, March 5, 1998, the order of the Unemployment Compensation Board of Review, at No. TRA–97–06–L–478, dated June 2, 1997, is affirmed.

od of training; however, the issue of Claimant's entitlement to additional training is not before this Court.