Cynthia L. McQUOWN, Petitioner,

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 26, 2003.

Decided Oct. 24, 2003.

Cynthia L. McQuown, petitioner, pro se.

Judith M. Gilroy, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

Cynthia L. McQuown (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) affirming the denial of her request for additional extended Trade Readjustment Assistance (TRA) benefits under Section 233 of the Trade Act of 1974 (Trade Act), 19 U.S.C. § 2293.[1] Agreeing Claimant is not entitled to additional extended TRA benefits because she exhausted her 52 weeks of eligibility, we affirm.

Claimant was employed by Osram Sylvania, Inc. (Employer), and her last day of work was November 18, 2000. Following her separation from Employer, Claimant became eligible for state unemployment compensation benefits and basic TRA benefits.[2] After receiving state unemployment compensation benefits and 26 weeks of basic TRA benefits, Claimant applied for, and was granted, extended TRA benefits effective February 24, 2002 through August 24, 2002.

On March 16, 2002, Claimant became eligible for Temporary Extended Unemployment Compensation (TEUC) benefits under the TEUC Act of 2002 (TEUC Act).[3]

1. The Trade Act establishes a program by which American workers who lose their employment as a result of competition from abroad are entitled to receive cash and employment service benefits. Although the program is conducted under the auspices of the United States Department of Labor, the program is administered through state employment bureaus.
*Wilkinson v. Unemployment Comp. Bd. of Review*, 688 A.2d 1243, 1244, n. 1 (Pa.Cmwlth. 1997) (citation omitted).

2. Claimant's separation from Employer and her initial eligibility for unemployment compensation and basic TRA benefits is not at issue. Referee's Finding of Fact No. 1. (The Board is the fact-finder in unemployment cases; however, we cite the referee's findings because the Board adopted these findings as its own.)

3. Title II of Pub.L. No. 107–147, 116 Stat. 21 (2002). The TEUC Act created federally funded unemployment compensation benefits for "exhaustees" who otherwise meet the TEUC Act's requirements. Workforce Security Programs: Unemployment Insurance Program Letter Interpreting Federal Law (UIPL No. 30–02), 67 Fed.Reg. 57,066, 57,067 (Sept. 6, 2002).

Claimant was eligible for TEUC benefits because she exhausted the state unemployment benefits. As a result, she received TEUC benefits in lieu of extended TRA benefits from March 16, 2002 through September 7, 2002.

Thereafter, Claimant applied for additional TRA benefits for the week ending September 14, 2002. The UC Service Center denied her request for additional TRA benefits pursuant to Section 233(a) of the Trade Act, 19 U.S.C. § 2293(a). Claimant appealed.

■ The unemployment compensation referee conducted five consolidated hearings for similarly situated claimants. The agency representative, who determined the claimants were not entitled to additional TRA benefits, participated in the hearing by speakerphone. When asked to explain her decision, the representative responded:

> Essentially when someone files an initial claim for Trade Act benefits, they cannot be paid on that program until they ... exhaust ... their basic Unemployment Compensation. And, at that point, usually at the end of the 26–week eligibility period, they are then paid under the basic TRA program, which goes for 26 weeks at that time. Part of the exhaustion of the 26 weeks of basic TRA, there can be up to a 26 week additional TRA program if it's necessary for them to continue to be paid for the duration of their training up to the 26 weeks of additional. Approximately March of 2002, the Federal Government instituted Temporary [Extended] Unemployment Compensation referred to as TEUC. *Because that is classified as the regular unemployment compensation program, anyone who had been on TRA*

*up through the week ending March 9th starting with the week of March 16, had to be reverted to [the TEUC] ... program ... for payment.*

Referee Hearing, Notes of Testimony (N.T.) at 3–4 (emphasis added). Referring to another similarly situated claimant, the representative further explained:

> [B]ecause we had to pay her on the [TEUC] program, the clock started for her for additional TRA unemployment even though we couldn't pay her on that program. So she did not receive the additional benefits because she was being paid on another federal program [TEUC] at the same time.

N.T. at 5. Following the hearing, the referee determined Claimant exhausted her eligibility on August 24, 2002, the expiration of the additional 26–week period. As a result, the referee denied her request for additional TRA benefits. Claimant appealed, and the Board affirmed without opinion. This appeal followed.[4]

■ Claimant asserts the Board erred in determining she is not entitled to resume her extended TRA benefits despite having received TEUC benefits over the same period. We disagree.

Section 233 of the Trade Act provides, in pertinent part:

> § 2293. Limitations on trade readjustment allowances
>
> * * * *
>
> (a) Maximum allowance; ... additional payments for approved training periods
>
> * * * *
>
> (3) Notwithstanding paragraph (1), in order to assist the adversely affected

---

4. Our review is limited to determining whether the Board committed an error in law or violated Claimant's constitutional rights and whether the Board's findings are supported by substantial evidence. *Burnett v. Unemployment Comp. Bd. of Review,* 706 A.2d 1290 (Pa.Cmwlth.1998).

worker to complete training approved for him under section 2296 of this title, and in accordance with regulations prescribed by the Secretary, *payments may be made as trade readjustment allowances for up to 26 additional weeks in the 26–week period that—*

(A) *follows the last week of entitlement to trade readjustment allowances otherwise payable under this part; ....*

19 U.S.C. § 2293(a)(3)(A) (emphasis added).[5]

In addition, the regulations enacted pursuant to the Trade Act contain express limitations on the receipt of these benefits. Specifically, 20 C.F.R. § 617.3(m)(2) provides:

(m) Eligibility period means the period of consecutive calendar weeks during which basic or additional TRA is payable to an otherwise eligible individual, and for such an individual such eligibility period is—

\* \* \* \*

(2) Additional TRA. With respect to additional weeks of TRA, and any individual determined ... to be entitled to additional TRA, the consecutive calendar weeks that occur in the 26–week period that—

(i) Immediately follows the last week of entitlement to basic TRA otherwise payable to the individual,....

20 C.F.R. § 617.3(m)(2). Further,

(b) Additional weeks. (1) To assist an individual to complete training approved under subpart C of this part, payments may be made as TRA for up to 26 additional weeks in the 26–week eligibili-

ty period (as defined in § 617.3(m)(2)).....

(c) Limit. *The maximum TRA payable to any individual on the basis of a single certification is limited to the maximum amount of basic TRA ... plus additional TRA for up to 26 weeks as provided in paragraph (b) of this section.*

20 C.F.R. § 617.15 (emphasis added).

In order to receive TRA benefits under the Trade Act, a claimant must exhaust all rights to any other unemployment compensation. Section 2291 of the Trade Act provides, in relevant part:

**(a) Trade readjustment allowance conditions**

Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such allowance for any week of unemployment which begins more than 60 days after the date on which the petition that resulted in such certification was filed under section 2271 of this title, if the following conditions are met:

\* \* \* \*

(3) Such worker—

\* \* \* \*

**(B)** *has exhausted all rights to any unemployment insurance,* except additional compensation that is funded by a State and is not reimbursed from any Federal funds, to which he was entitled

---

**5.** In 2002, the Trade Act was amended to increase the number of weeks in which an adversely affected worker may be eligible for benefits. However, the amendment only applies to petitions for certification filed "on or

after 90 days after August 6, 2002." 19 U.S.C. § 2293(a)(3)(A), *see* "Effective and Applicability Provisions." Claimant's petition was filed on July 24, 2000; therefore, the amendment is inapplicable.

(or would be entitled if he applied therefor);....

19 U.S.C. § 2291 (emphasis added).

Here, after receiving 26 weeks of basic TRA benefits, Claimant applied for, and was granted, 26 weeks of extended TRA benefits. However, during her extended TRA period, Claimant became eligible for, and received, 26 weeks of TEUC benefits. Because she was eligible for TEUC benefits, Claimant was not concurrently eligible for additional TRA. Section 2291 of the Trade Act, 19 U.S.C. § 2291(a)(3)(B). Upon the expiration of her additional TRA benefit period on August 24, 2002, Claimant exhausted her eligibility under that program. Thus, she is not entitled to additional TRA benefits.[6]

To the extent Claimant argues this result is unjust, she offers no authority, either in the Trade Act or elsewhere, which would authorize her receipt of additional TRA benefits. The unemployment compensation laws do not warrant a ruling in Claimant's favor, and we have no equitable power to ignore the law. *Sturni v. Unemployment Comp. Bd. of Review*, 155 Pa. Cmwlth. 501, 625 A.2d 727 (Pa.Cmwlth. 1993).

Here, Claimant received the same 26 weeks of benefits to which she was entitled under extended TRA. However, the benefits were paid under the TEUC program, which by law is the primary source of extended benefits. In fact, because Claimant's transfer to the TEUC program started several weeks after the commencements of extended TRA benefits, she actually received 28 weeks of benefits. When Claimant exhausted her TEUC benefits, she was outside the eligibility period for extended TRA benefits. Accordingly, denial of her current application is consistent with law.

### ORDER

AND NOW, this 24th day of October, 2003, the order of the Unemployment Compensation Board of Review is AFFIRMED.

---

**6.** Notably, this result is consistent with the instructions for implementing and operating the TEUC program provided to state workforce agencies by the United States Department of Labor. *See* Workforce Security Programs: Unemployment Insurance Program Letter Interpreting Federal Law (UIPL No. 30–02), 67 Fed.Reg. 57,066, 57,067 (Sept. 6, 2002). Those instructions provide, in relevant part:

m. Question: If an individual that has been in training for the past year has received 26 weeks of regular benefits, 26 weeks of basic TRA and 13 weeks of TEUC, is the individual entitled to 26 weeks of Additional TRA?

Answer: *No. Although TEUC is not deductible from Additional TRA, the fixed 26 consecutive week period for which Additional TRA is payable begins upon the exhaustion of basic TRA. Therefore, the individual is only entitled to Additional TRA for the weeks remaining in the fixed 26 consecutive week eligibility period.*

67 F.R. 57066, 57081 (emphasis added).